IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES WIDTFELDT,

               Plaintiff,

     vs.

INTERNAL REVENUE SERVICE; MARTIN
SHOEMAKER, US DOJ Tax; JOSEPH
KELLY, USDOJ Tax; RACHEL WOLLITZER,
USDOJ Tax; DOUGLAS POLSKY, USDOJ;
JAMES DAUGHERTY, Agent, IRS; US
OFFICE OF NAVAL RESEARCH; ARTHUR
WELP, Administrative Law Judge;
DEPARTMENT OF JUSTICE; US
TREASURY; ROBERT F. ROSSITER, JR.,
U.S. District Judge; DIANE KROUPA, US Tax
Court Judge; CONNIE KROTTER, Holt County
Clerk;  COUNCIL FOR DISCIPLINE, NSBA;
JANET KROTTER CHVALA, Disbarred
Lawyer; and  SUCCESSORS, US DEMOCRAT
PARTY,

               Defendants.

**8:20-CV-87**

**MEMORANDUM AND ORDER**

## I.  INTRODUCTION

      James Widtfeldt brought this action alleging various unintelligible claims related to the

Internal Revenue Service ("IRS"), taxes, fraud, and certain parcels of land. *See* Filing 1-1. This

matter is now before the Court on three separate motions to dismiss. Defendants IRS, Martin

Shoemaker, Rachel Wollitzer, Douglas Polsky, James Daugherty, Arthur Welp, Department of

Justice, U.S. Treasury, and Diane Kroupa jointly move to dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(1) and (6). Filing 7. Defendant Janet Krotter Chvala separately moves to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Filing 11. Joseph Kelly, the

Honorable Robert F. Rossiter, Jr., and the U.S. Office of Naval Research jointly move to dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[1] Filing 16. The Court also addresses Widtfeldt's failure to prosecute the other defendants. For the reasons stated below, the Court grants all three motions and dismisses this action with prejudice as to those defendants. Widtfeldt shall also show cause why the remaining allegations should not be dismissed for want of prosecution.

## II. BACKGROUND

Widtfeldt, a Nebraska resident who is or was an attorney, filed this action in the District Court of Holt County, Nebraska, on February 6, 2020. Filing 1-1 at 3-4. He alleges that Chvala allegedly broke into his office at various times between 1996 and 2017; in the same paragraph he alleges he had Lyme disease. Filing 1-1 at 4. Widtfeldt alleges "Rogue IRS agents" falsely accused him of unpaid taxes, but according to Widtfeldt, those taxes were not due. Filing 1-1 at 4-5. Widtfeldt also alleges interest rates were "very high" in the 1980s. Filing 1-1 at 5. Widtfeldt then alleges he purchased property, his office was then broken into again, and the individuals who broke into his office "falsif[ied] [his] records and creat[ed] false appearances of [his] wrongdoing" in a "Watergate type manner." Filing 1-1 at 6-7. Then, more "rogue" IRS agents again attempted to collect "invalid" taxes from him related to the property he purchased. Filing 1-1 at 9.

Further, Widtfeldt alleges mail related to his various federal court cases has been sent but greatly delayed, which he claims is somehow associated with IRS supervision of his medical treatment through "supervision of Obamacare." Filing 1-1 at 9. Litigation also caused a "wrongful," "chaotic," and "fraudulent" lien to be placed upon Widtfeldt's property. Filing 1-1 at 10. Then, Widtfeldt's alleges his property was wrongfully sold. Filing 1-1 at 11. At various points throughout the Complaint, Widtfeldt sprinkles in the names of U.S. Defendants and Chvala. *See*

---

[1] The Court will refer to all federal defendants, including the IRS, Martin Shoemaker, Rachel Wollitzer, Douglas Polsky, James Daugherty, Arthur Welp, Department of Justice, U.S. Treasury, Diane Kroupa, Joseph Kelly, Robert F. Rossiter, Jr., and the U.S. Office of Naval Research as the "U.S. Defendants." The Court will also address all U.S. Defendants and their motions jointly.

*generally* Filing 1-1. In summary, Widtfeldt appears to seek some sort of relief relating to other courts' tax- and lien-related orders and disbarment of several attorneys. *See* Filing 1-1 at 11.

U.S. Defendants removed the case to this Court on March 5, 2020, and they, along with Chvala, subsequently filed the present motions to dismiss. *See* Filing 7; Filing 11; Filing 16. In response, Widtfeldt filed what appears to be an amended complaint which no longer contains references to certain parties but is otherwise as inscrutable as the Complaint. *Compare* Filing 1-1, with Filing 13. Widtfeldt has otherwise not responded to the dismissal motions.

### III. ANALYSIS

#### A. Standard of Review

*1. Lack of Subject-Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1)*

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843–44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730.

*2. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

## B. Discussion

As pointed out by U.S. Defendants, Widtfeldt has a track record of courthouse escapades involving the same subject matter as this case and other assorted alleged causes of action. *See* Filing 8 at 8-9 (listing a sampling of the various cases filed by Widtfeldt).[2] The common themes

---

[2] At one point, the Nebraska Supreme Court indefinitely suspended Widtfeldt from the practice of law noting that he "repeatedly filed irrelevant and abusive motions and pleadings." *State ex rel. Counsel for Discipline of Neb. Supreme Court v. Widtfeldt*, 269 Neb. 289, 291-93, 691 N.W.2d 531, 534-35 (2005). The Court also noted that a referee found certain pleadings submitted by Plaintiff contained "irrelevant, immaterial and sometimes scandalous allegations" with "vast quantities of verbiage having nothing whatever to do with the captioned matter." *Id.*

in these cases are vexatious action, a lack of merit, and complete frivolity. Nevertheless, the Court examines the Complaint to ascertain whether it has subject-matter jurisdiction and whether Widtfeldt has plausibly stated a claim for relief.

The Court will first address the sovereign immunity, subject-matter jurisdiction, and failure-to-state-a-claim assertions as they relate to U.S. Defendants before turning to Chvala's Federal Rule of Civil Procedure 12(b)(6) arguments. The Court grants all three motions to dismiss and with prejudice. The Court then addresses Widtfeldt's failure to prosecute related to defendants Connie Krotter, Counsel for Discipline for the Nebraska State Bar Association ("NSBA"), and U.S. Democrat Party. Although the Court finds these claims lack merit as well, the Court will follow Fed. R. Civ. P. 4(m) and provide notice to Widtfeldt regarding lack of service prior to dismissing these claims.

    1.   *U.S. Defendants*

        a.  Lack of Subject-Matter Jurisdiction

U.S. Defendants argue this Court lacks subject-matter jurisdiction, sovereign immunity bars all claims against them, and the Complaint fails to state a claim upon which relief may be granted. *See* Filing 8 at 2-8; Filing 17 at 2-6. The Court agrees and dismisses Widtfeldt's claims against U.S. Defendants for lack of subject-matter jurisdiction. The Court also concludes the claims must be dismissed based on sovereign immunity and failure to state a claim.

First, the Court examines whether it has jurisdiction over Widtfeldt's Complaint to the extent it requests some type of relief from tax or other federal district court orders. *See* Filing 1-1 at 11 (addressing nullification of other orders). In short, the Court does not have subject-matter jurisdiction to review either tax-court orders or orders from a district court in another case. *See Hayward v. U.S. Tax Court*, 762 F.2d 706, 707 (8th Cir. 1985) ("The district court properly held

that it was without subject matter jurisdiction . . . as exclusive jurisdiction to review Tax Court

decisions rests with the Court of Appeals.") (citing 28 U.S.C. § 7482)); *see also* 28 U.S.C. § 1294

(providing that "appeals from reviewable decisions of the district and territorial courts shall be

taken to the courts of appeals"); *Smith v. Ray*, No. 4:17-CV-0772-DGK, 2017 WL 11467833, at

*1 (W.D. Mo. Oct. 23, 2017) ("Because the Complaint is premised on the assertion that two other

district courts erred and this Court cannot review decisions made by other district court judges in

their judicial capacity, *see* 28 U.S.C. §§ 1331, 1332, this Court lacks subject matter jurisdiction to

hear this lawsuit."); *Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78, 88 (D.D.C. 2016) ("[T]his

Court has no subject matter jurisdiction to reconsider the decisions of other federal district

courts."), *aff'd*, 240 F. Supp. 3d 121 (D.D.C. 2017). The Court dismisses the Complaint as it relates

to U.S. Defendants on this basis alone.

> b.   Sovereign Immunity and Failure to State a Claim

Even if the Court had subject-matter jurisdiction over any claims against U.S. Defendants,

sovereign immunity would bar any claims for damages presumably brought pursuant to 42 U.S.C.

§ 1983 or general tort common law. Sovereign immunity "shields the Federal Government and its

agencies from suit" unless Congress has waived that immunity. *Mader v. United States*, 654 F.3d

794, 797 (8th Cir. 2011) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed.

2d 308 (1994)).[3] The Complaint does not allege or cite any authority that Congress has waived the

---

[3] While many of the U.S. Defendants are not federal agencies, the Court considers Widtfeldt's suit "to be 'against the defendants in their official capacity'" because the Complaint "does not include an 'express statement' that [he] is suing the individual defendants in their individual capacities." *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. Feb. 18, 2016) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). "This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson*, 172 F.3d at 535. And, "[a] plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer . . . ." *Kelly*, 813 F.3d at 1075 (citing *Johnson*, 172 F.3d at 535). Thus, all U.S. Defendants are treated as the federal government for the purposes of the Court's sovereign-immunity analysis related to damages.

United States' sovereign immunity related to Widtfeldt's claims.[4] This is because no such authority exists.

A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim to relief that is plausible on its face." *Corrado*, 804 F.3d at 917 (quoting *Bell Atl. Corp.*, 550 U.S. at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929). "[A]ccept[ing] as true all factual allegations in the complaint and draw[ing] all reasonable inferences in favor of [Widtfeldt]," the Complaint further fails to state a claim against U.S. Defendants. *McDonough*, 799 F.3d at 945

The Court dismisses all claims against U.S. Defendants for lack of subject-matter jurisdiction. Even if the Court had subject-matter jurisdiction, Widtfeldt has failed to state a claim. And, even if Widtfeldt had stated a claim, those claims would be barred by sovereign immunity.

### 2.  *Defendant Chvala*

Chvala argues the Complaint fails to state a claim against her. The Court agrees. Chvala's name appears throughout the Complaint generally in regard to orchestrating break-ins at Widtfeldt's office. *See generally* Filing 1-1. However, even if taken as true and benefitting from every favorable inference, the Complaint fails to plausibly or coherently state a claim against Chvala. As succinctly stated by Chvala, "[Widtfeldt] has failed to tie any alleged fact and any date of any alleged act or omission to any cause of action or to relief of any sort." Filing 12 at 3. And, to the extent Widtfeldt's response is an amended complaint, it removes Chvala as a named plaintiff

---

[4] Further, to the extent Widtfeldt seeks injunctive relief relating to taxes and the IRS, the Anti-Injunction Act, 26 U.S.C. § 7421(a) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." It also appears that Widtfeldt has trod this tax-related path of litigation before, and his claims may very well be claim- and/or issue-precluded. *See Widtfeldt v. Corkle*, No. 8:20CV125, 2020 WL 3172548, at *1 (D. Neb. June 15, 2020); *United States v. Widtfeldt*, No. 8:18CV453, 2019 WL 4450693, at *1 (D. Neb. Sept. 17, 2019).

and removes her name from various points throughout the document. *See* Filing 13. Accordingly, the Court dismisses any allegations against Chvala for failure to state a claim.

### 3. *Remaining Defendants Krotter, NSBA, and the U.S. Democrat Party*

The three remaining defendants not dismissed above include Connie Krotter, the NSBA, and the U.S. Democrat Party. *See* Filing 1-1 at 3. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). There are no removal documents or other documentation demonstrating these parties were provided notice of this action.

Plaintiff filed the Complaint in the District Court of Holt County, Nebraska, on February 6, 2020, and U.S. Defendants removed the case to this Court on March 5, 2020. Filing 1 at 1; Filing 1-1 at 3. While defendants Krotter, the NSBA, and U.S. Democrat Party are named in the Complaint, *see* Filing 1-1 at 3, nothing in the Court's docket indicates these parties were served. Further, the state-court docket for this case prior to removal at case number CI20-11 in the District Court of Holt County, Nebraska, does not contain any documentation showing any summonses were served upon these three defendants after issuance, such as a return of service, an affidavit indicating service, or voluntary appearances by these three defendants.[5] More than ninety days have elapsed since the Complaint was filed. Accordingly, Widtfeldt shall have until September 8, 2020, to show cause why this case should not be dismissed pursuant to Federal Rule of Civil

---

[5] The Court takes judicial notice of the state-court docket involving this case prior to removal. *See United States v. Allen*, 804 F. App'x 425 (8th Cir. 2020) (citing Fed. R. Evid. 201(b)) (taking judicial notice of related state-court records because the "court may judicially notice [a] fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) ("[W]e may take judicial notice of judicial opinions and public records . . . ."); *Hart v. Comm'r*, 730 F.2d 1206, 1208 (8th Cir. 1984) ("[F]ederal courts may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to matters at issue.").

Procedure 4(m) for want of prosecution. The failure to timely comply with this order or provide a sufficient explanation will result in dismissal of this action without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court grants all three pending motions to dismiss and will order Widtfeldt to show cause why the remainder of this matter should not be dismissed for failure to serve or prosecute. Krotter, the NSBA, and U.S. Democrat Party are the only remaining defendants following the dismissal of U.S. Defendants and Chvala.

IT IS ORDERED:

1. The Motion to Dismiss (Filing 7) filed by defendants Internal Revenue Service, Martin Shoemaker, Rachel Wollitzer, Douglas Polsky, James Daugherty, Arthur Welp, Department of Justice, U.S. Treasury, and Diane Kroupa is granted;

2. Defendant Janet Krotter Chvala's Motion to Dismiss (Filing 11) is granted;

3. The Motion to Dismiss (Filing 16) filed by defendants Joseph Kelly, Robert F. Rossiter, Jr., and the U.S. Office of Naval Research is granted;

4. All claims against defendants Internal Revenue Service, Martin Shoemaker, Rachel Wollitzer, Douglas Polsky, James Daugherty, Arthur Welp, Department of Justice, U.S. Treasury, and Diane Kroupa, Janet Krotter Chvala, Joseph Kelly, the Honorable Robert F. Rossiter, Jr., and the U.S. Office of Naval Research are dismissed with prejudice;

5. Defendants Internal Revenue Service, Martin Shoemaker, Rachel Wollitzer, Douglas Polsky, James Daugherty, Arthur Welp, Department of Justice, U.S. Treasury, and Diane Kroupa, Janet Krotter Chvala, Joseph Kelly, the Honorable Robert F. Rossiter, Jr., and the U.S. Office of Naval Research are terminated as parties to this action; and

6. Plaintiff shall show cause on or before September 8, 2020, why the remainder of this case against Connie Krotter, the NSBA, and U.S. Democrat Party should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for want of prosecution or otherwise face dismissal without further notice.

Dated this 25th day of August, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge